**FISH TRANSPORT CO., Inc., v.
UNITED STATES et al.**

Civ. A. No. 3142.

District Court, D. Massachusetts.

Dec. 22, 1944.

Joseph A. Kline, of Boston, Mass., and Harry C. Ames, Jr., of Washington, D. C., for plaintiff.

Robert L. Pierce, Sp. Asst. to Atty. Gen., Wendell Berge, Asst. Atty. Gen., and Edmund J. Brandon, U. S. Atty., of Boston, Mass., for defendant United States.

Daniel W. Knowlton, Chief Counsel, Interstate Commerce Commission, and E. M. Reidy, Asst. Chief Counsel, Interstate Commerce Commission, both of Washington, D. C., for defendant Interstate Commerce Commission.

Samuel W. Earnshaw, of New Haven, Conn., and Paul F. Perkins, of Boston, Mass., for intervenors Palmer and others, trustees of the N. Y., N. H. & H. R. R.

Before MAHONEY, Circuit Judge, and SWEENEY and WYZANSKI, District Judges.

SWEENEY, District Judge.

In this action, heard by a three-judge court, the plaintiff seeks an order annulling and setting aside an order of the Interstate Commerce Commission dated April 29, 1944, and other incidental relief.

The hearing, which was originally scheduled to pass upon the question of a temporary injunction, by agreement of all of the parties, was extended to encompass not only the question of a temporary injunction but a permanent injunction as well.

It is unnecessary for the decision in this case to go into all of the details of the proceedings before the Interstate Commerce Commission since the inception of the plaintiff's first petition, which was filed on February 4, 1936. It suffices to state that the action of the Commission on September 18, 1943, entitled the plaintiff to: "a certificate under the 'grandfather' clause of Section 206(a) of the Interstate Commerce Act authorizing operations as a common carrier by motor vehicle, in interstate or foreign commerce, over irregular routes, (1) of fish (including shell fish), processed fish, fish livers, fish oils, and fish scrap, from New Bedford, Fairhaven, and Fall River, Mass., to Providence and Pawtucket, R. I., points in the New York commercial zone as defined in New York, N. Y., Commercial Zone, 1 M.C.C. 665, and 2 M.C.C. 191, and Philadelphia, Pa., and of empty fish containers in the reverse direction, (2) of malt beverages, in containers, and advertising matter used in connection with the sale and distribution of malt beverages from Newark, N. J., to Providence and Pawtucket, R. I., and New Bedford and Fall River, Mass., and from Newark, N. J., and New York, N. Y., to New London and Hartford, Conn., and New Bedford, Taunton, and Brockton, Mass., and returned or rejected shipments of malt beverages and empty malt beverage containers, in the reverse direction, and (3) of cranberries from points in Barnstable, Bristol, and Plymouth Counties, Mass., to points in the New York Commercial Zone, supra * * *"

This action on the part of the Commission did not grant to the plaintiff all that

it had claimed in its original petition as amended on August 5, 1938.

Thereafter, upon the applicant's petition and by an order dated December 18, 1943, the Commission reopened the plaintiff's case for the purpose of determining whether it should be granted authority to transport general commodities, with exceptions, between certain points and over a regular route. For the purpose of hearing this matter in full the order of September 18, 1943, was vacated. The plaintiff was given every opportunity to present additional evidence in support of its claimed right to a "grandfather" certificate for general commodities, with exceptions, and after a full hearing on April 29, 1944, the Commission made a finding that the applicant "has failed to establish that it was on June 1, 1935, and continuously since has been, in bona fide operation, in interstate or foreign commerce, as a common carrier by motor vehicle, of any commodity other than those it nay now transport under the authority granted in the prior report on further hearing herein between the points covered by the application, and that the application to the extent reopened should be denied." An appropriate order based upon these findings was entered and it is this order which the plaintiff seeks to have this Court set aside.

The question before this Court is whether the Commission, in its order of April 29, 1944, properly applied the law to the facts as it found them or stated in another way whether that order was arbitrary and capricious and not supported by the evidence before it. The evidence presented to the Commission in support of the plaintiff's claim for the broader certificate consisted of oral testimony, depositions, and some documentary evidence taken from the files of the plaintiff. The plaintiff, through oral and documentary evidence, established to the satisfaction of the Commission that for the last four months of 1934 it transported a total of twenty-five shipments of goods other than fish and beer, and that since January 1, 1937, it had been transporting general commodities over a regular route.

For the period between January 1, 1935, to January 1, 1937, which includes the critical period, there was oral testimony to the effect that the plaintiff carried general commodities over a regular route. This oral testimony may or may not have been believed by the Commission. There were about ten depositions in support of this testimony but all of the depositions which covered merely the shipments of fish and beer were of no value in determining the plaintiff's right to the broader permit, and the other two depositions probably did not have evidentiary appeal to the Commission. In any event, all of such testimony as was offered to cover the period between January 1, 1935, and January 1, 1937, was entirely unsupported by documentary evidence of any nature. There was testimony to the effect that the plaintiff's own records had been destroyed by a hurricane in 1938, but it may have seemed significant to the Commission that the records for these years were destroyed whereas the records for the year 1934 and for the years subsequent to 1937 were not destroyed. In any event, the question of the credibility of a witness is one that belongs to the Commission and is not open to consideration by this Court. Alton R. Co. v. United States, 315 U.S. 15, 62 S.Ct. 432, 86 L.Ed. 586.

It was the considered judgment of the Commission that the evidence presented to it by the plaintiff failed to sustain the plaintiff's burden of proving that it was entitled to a certificate for all commodities, with exceptions, under the "grandfather" clause. Section 206(a) of the Act, 49 U.S.C.A. § 306(a).

The Supreme Court decision in United States et al v. Carolina Freight Carriers Corp., 315 U.S. 475, 62 S.Ct. 722, 86 L.Ed. 971, which was cited by this plaintiff, is not applicable to the facts in this case. In the Carolina case the Court held that the basic or essential findings required to support the Commission's order were lacking. In this case the thing that is lacking is evidence which it was the plaintiff's duty to present to support his claim for the broader permit. This Court cannot find that the evidence submitted to the Commission does not support its findings and rulings. We are of the opinion that no prejudicial error of law was made by the Commission and the petition is therefore ordered dismissed.